UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THOMAS JACKSON, EMMA JACKSON, TJ AUTO BODY SERVICES, INC. dba "TJ ENTERPRISES", <br><br>       Plaintiffs, <br><br>    v. <br><br> FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, BRUCE H. BAILEY, JAMES GILLIS, STEVEN EASON, and DOES 1-40, <br><br>       Defendants. | Civ. No.: 2:12-01020 WBS GGH <br><br><br><br> <u>MEMORANDUM AND ORDER RE:</u> <u>MOTION TO DISMISS</u> |

----oo0oo----

       Plaintiffs Thomas Jackson, Edna Jackson, and TJ Auto Body Services, Inc., dba TJ Enterprises, brought suit against defendants Farmers Insurance Exchange ("Farmers"), Truck Insurance ("Truck"), Bruce H. Bailey, James Gillis, and Steven Eason for discrimination and contract causes of action arising from plaintiffs' Circle of Dependability ("COD") designation and Garage Keepers insurance policy.  Currently before the court is

1

defendants' motion to dismiss the Second Amended Complaint ("SAC") in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' § 1981 and 1985(3) claims in their First Amended Complaint ("FAC") were dismissed for failure to allege racial discrimination. (Oct. 26, 2012 Mem. and Order ("Order") (Docket No. 32) at 7, 11-12.) Plaintiffs' allegations regarding racial animus are now sufficient to state a claim under §§ 1981 and 1985(3), (see SAC ¶¶ 13-14, 17, 24-27), and the court will therefore not dismiss those claims.

Plaintiffs' remaining state law claims for breach of contract,[1] breach of implied obligation of good faith and fair dealing, and breach of fiduciary duty all continue to fail for the reasons set forth in the court's October 26, 2012 Order. (See Order at 7-10.) Defendants fail to attach a copy of the contracts at issue or plead their relevant terms, see N. Cnty. Comms. Corp. v. Verizon Global Networks, Inc., 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010). Thus the court will dismiss plaintiffs' second, third, and fifth causes of action.[2] The plaintiffs also fail to plead facts giving rise to a fiduciary

---

[1] In their second claim, plaintiffs allege breach of contract as to all defendants. In their fifth claim, plaintiffs allege breach of contract against Farmers and Truck.

[2] Plaintiffs allege slightly more information regarding the underlying contracts in their SAC than in the FAC, such as an allegation that "Farmers was required by section 4.2 of the CODSA II to engage in a 'third level' of dispute resolution with plaintiffs." (SAC ¶ 34.) However, plaintiffs fail to allege what "third level dispute resolution" is, let alone facts surrounding their request for such resolution.

2

duty on the part of Truck or Farmers.  See Negrete v. Fid. & Guar. Life Ins. Co., 444 F. Supp. 2d 998, 1003 (C.D. Cal. 2006). Thus, the court will dismiss plaintiffs' fourth cause of action.

Finally, defendants seek dismissal of the punitive damages and equitable relief requested by plaintiffs under Rule 12(b)(6).  See Whittlestone, Inc. v. Handicraft Co., 618 F.3d 970, 974-75 (9th Cir. 2010) (noting that a motion to strike damages from a complaint as precluded as a matter of law is "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion").

"The issue of what damages may be awarded in a section 1981 action must generally be determined from federal law rather than specific state statute."  Mitchell v. Keith, 752 F.2d 385, 390 (9th Cir. 1985).  "An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages."  Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 460 (1975).  A jury may consider punitive damages for claims under § 1981 "when the defendant's conduct is shown to be motivated by an evil intent or motive, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 55 (1983) (§ 1983 claim); Woods v. Graphic Commc'ns., 925 F.2d 1195, 1206 (9th Cir. 1991) (applying Smith's punitive damages standards to a § 1981 claim).

However, "[w]here federal laws are 'deficient in the provisions necessary to furnish suitable remedies, courts must look to the law of the state wherein sits the court having

3

jurisdiction of the matter.'"  Mitchell, 752 F.2d at 390 (quoting 42 U.S.C. § 1988)).  In California, punitive damages are available against a corporate employer under § 1981 for acts of its employee "where the employer (1) authorized the acts, (2) ratified the acts, (3) knowingly or recklessly employed an unfit employee, or (4) employed the person, who did the wrongful acts in the scope of employment, in a managerial capacity."  Id. (citing Cal. Civ. Code § 3294(b)).  Thus, "punitive damages may be imposed, in the absence of proof of fault on the part of the corporation, . . . where the wrongful actor is a managerial employee."  Id. at 389.

Plaintiffs have successfully pled a claim under § 1981, and defendants do not offer any reason why punitive damages are unavailable as a matter of law under that claim.  Therefore the court will not strike plaintiffs' prayer for punitive damages at this time.

As for plaintiffs' prayer for equitable relief, "[i]t was contemplated that [§ 1981] would call upon the federal courts to use all remedies at their disposal, including injunctive relief, to make whole the victims of racial discrimination."  Sethy v. Alameda Cnty. Water Dist., 545 F.2d 1157, 1163 (9th Cir. 1976).  Plaintiffs do not cite any authority for why the equitable relief requested by plaintiffs, which includes reinstatement, would be precluded as a matter of law.  See id. (finding that a district court did not abuse its discretion in awarding both damages and reinstatement under § 1981).  Nor is plaintiffs' prayer for equitable relief "incomprehensible," as argued by defendants.  (Defs.' Mem. at 24.)  The court therefore

4

1  will not strike plaintiffs' prayer for equitable relief at this
2  time.
3          IT IS THEREFORE ORDERED that the defendants' motion to
4  dismiss be, and the same hereby is:
5          (1) DENIED as to plaintiffs' § 1981 claim, § 1985(3)
6  claim, and prayers for relief; and
7          (2) GRANTED as to all other claims.
8          Plaintiffs have twenty days from the date this Order is
9  signed to file an amended complaint if they can do so consistent
10 with this Order.
11 DATED:    January 15, 2013

             _____
             WILLIAM B. SHUBB
             UNITED STATES DISTRICT JUDGE

5