IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JACKSON, et al.,

    Plaintiffs,                 No. 2:12-cv-1020 WBS GGH

    vs.

FARMERS INSURANCE EXCHANGE, et al.,    ORDER

    Defendants.

_____/

        Previously pending on this court's law and motion calendar for March 14, 2013, were two motions to compel discovery and for sanctions, filed by defendants on February 5 and 15, 2013. Monica Scott appeared for defendants. Russell Robinson appeared for plaintiffs. Plaintiffs did not participate in the joint statement process; therefore, defendants filed a declaration on March 7, 2013. Having reviewed the declaration and heard oral argument, the court now issues the following order.

BACKGROUND

        This case concerns plaintiffs' ownership of an auto body repair shop that did business for defendants' insureds. They allege that defendants, who are Caucasian, discriminated against them as African-Americans, under 42 U.S.C. § 1981 by awarding the COD (Circle of Dependability) designation to another repair facility in 2009 and removing them from the COD

1

program in 2011.  The complaint also contains claims of breach of contract, breach of implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty, and unlawful misrepresentations in violation of Business and Professions Code § 17200.  Plaintiffs seek damages.

I. Motion to Compel Responses to Bailey's Second Set of Interrogatories (Doc. nos. 53, 55)

Defendant Bailey served a second set of interrogatories to plaintiffs on December 17, 2012.  Plaintiffs provided no responses and did not seek an extension of time in which to serve them.  Defendants filed a motion rather than a joint statement in regard to this set of discovery pursuant to E.D. Local Rule 251(e), because plaintiffs utterly failed to respond.[1]  Plaintiffs filed no response to this motion.  Defendants request an order that these responses be served immediately and that all objections be deemed waived.  Plaintiffs represented at hearing that they do not object to producing this discovery.

II. Motion to Compel Supplemental Responses (Doc. no. 60)

Because plaintiffs filed nothing in regard to defendants' motions, this background is taken from plaintiffs' recitation of the facts.  Defendants set forth an over four month period of time in which plaintiffs delayed and foot dragged with their discovery responses, and when they finally did produce responses, they did so in dribs and drabs.

The discovery at issue was served on plaintiffs on October 2, 2012, and included (1) Farmers Insurance Exchange's ("FIE") First Set of Requests for Production, Interrogatories, and Requests for Admission on plaintiff TJ Enterprises; (2) Bruce Bailey's First Set of Interrogatories on plaintiff TJ Enterprises; and (3) defendant Truck Insurance Exchange's ("Truck") First Set of Interrogatories on TJ Enterprises.  Plaintiffs did not respond to this

---

[1] Defendants originally filed one motion to address all discovery at issue; however, after being informed by the court that some of the discovery at issue did not constitute a total failure, defendants re-filed their motion for which some discovery responses had been served.  (Doc. no. 60).  Their original motion (doc. no. 53) includes all discovery, but has been modified by document number 55 to address only plaintiffs' total lack of response to defendant Bailey's second set of interrogatories.

discovery, so defendants followed up with emails to plaintiffs on November 1, 2, 5, 6, and 7, 2012. Plaintiffs' counsel responded that the responses were sent by U.S. mail on November 1, 2012, so on three occasions defendants requested courtesy copies but plaintiffs' counsel did not provide electronic courtesy copies prior to November 30, 2012. Plaintiffs responded substantively to only a handful of discovery. On December 4, 2012, defendants agreed to provide supplemental responses by December 7 and 14, 2012. Plaintiffs did provide some responses on December 7, 2012, but no documents regarding plaintiffs' damages claims were produced. On December 17, 2012, plaintiffs' counsel conveyed that plaintiffs' daughter and grandchildren had been burned out of their home, but supplemental responses would be served later that week. They were not served, despite repeated phone calls and emails by defense counsel. Plaintiffs' counsel promised he would personally serve responses. On January 18, 2013, plaintiffs finally served spreadsheets concerning their damages claim, but they were not accompanied by supporting documentation. Plaintiffs produced a few more documents at the January 25, 2013 deposition of plaintiff Emma Jackson.[2] On January 25, 2013, plaintiffs' counsel again agreed to provide supplemental responses by February 1, but did not do so. On February 7, 2013, plaintiffs' counsel sent three years of corporate tax returns but they did not include worksheets or schedules. Ms. Scott's declaration describes Mr. Robinson's responses to her inquiries as to the status of the discovery, that he was always going to send them by a date certain, but they never arrived.

On February 8, 2013, defendants sent their draft joint statement to plaintiffs for insertion of their arguments. Defendants followed up by contacting plaintiffs several times, including February 11, 14, 26, 27, and March 4. Plaintiffs' counsel responded that he had "lots to do" and on February 27 stated that he was working on it "right now." Defendants never received plaintiffs' inserts.

---

[2] Defendants claim they learned for the first time at plaintiffs' depositions that plaintiffs would be seeking compensation for non-financial injuries. (Doc. no. 53-1 at 7.)

3

As with their responses to Bailey's Second Set of Interrogatories, plaintiffs' counsel indicated at hearing that they had no objection to producing all of the requested discovery.

III. Sanctions

Defendants seek Rule 37(d) (1)(ii) sanctions in the amount of $4,575.20 for fees and costs incurred in connection with bringing the motions to compel.

Under Fed. R. Civ. P. 37 (a) (5) and (b)(2)(C), the court is required to impose monetary sanctions on the disobedient party unless the court finds that the party's failure was substantially justified or that other circumstances make an award of expenses unjust. "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

At the hearing, Mr. Robinson had the gall to declare to the court that he participated in the joint statement and thought he had submitted it, but when caught he backtracked and stated only that he did "work on" his portion of the statement. He then explained that his clients have had personal problems, including TJ Jackson's hospitalization for almost a month, a fire which burned down one of plaintiffs' residences, and the death of plaintiffs' brother last October, and therefore it has been difficult to obtain documents from his clients.

Defense counsel, on the other hand, stated at hearing that she had not heard of some of these personal excuses before now, and that counsel has been unresponsive to her numerous emails as she outlined in her declaration. When she has talked to Mr. Robinson in person, she has offered to work with him if he is having problems producing the discovery, but he has not responded to this offer. Ms. Scott pointed out that at plaintiffs' depositions, it was quite clear that they were not aware of much of the discovery, that they were supposed to be collecting documents, and in particular they were not aware that they had not responded to the

1  second set of interrogatories.  They had never even seen the discovery.

2  Mr. Robinson contended at hearing that Ms. Scott did question Mr. Jackson at his
3  deposition about his brother's death last October and was also aware of the apartment fire
4  through her discussions with Mr. Robinson.  Mr. Robinson suggests that plaintiffs may not have
5  recognized the discovery at their depositions, but it does not mean that he did not communicate
6  the requests to them.

7  The court has now reviewed the deposition excerpts which reflect that both Mr.
8  and Mrs. Jackson were not aware of their discovery obligations.  Defendants have submitted
9  portions of uncertified rough draft transcripts of both plaintiffs.  In regard to documents which
10 presumably were to be presented at deposition, Mr. Jackson testified on questioning from Ms.
11 Scott:
12 Q. So you haven't searched the company e-mail account for responsive e-mails?
13 A. No.
14 ...
15 Q. Okay.  And have you looked at that filed folder [for TJ Enterprises] to see if there are any
16 documents that are responsive?
17 A. No.
18 (Scott Dec., filed February 4, 2013, Ex. H at 26.)
19 Mr. Jackson was questioned in regard to Bruce Bailey's Second Set of
20 Interrogatories:
21 Q. Mr. Jackson, have you seen this document before?
22 A. Yes.
23 Q. Are you aware that --
24 Mr. Robinson: Uh-oh a response.
25 Q. Are you aware that you have not responded to this request?
26 A. No.  I wasn't aware that I was to respond.

5

1  Q. Are you aware that the response is now over ten days late?
2  ...
3  Q. Are you aware that it's eight days late?
4  A. No. I didn't know.
5  Q. Are you aware you waive all objections when you file a late response?
6  Mr. Robinson: You are now.
7  A. No. I am now.
8  (Id. at 176-77.)
9        Mrs. Jackson testified similarly to her lack of knowledge of the necessity of
10 producing discovery responses:
11 Q. Did someone tell you to collect documents in response to this request?
12 Mr. Robinson: Objection to the extent it calls for an attorney-client communication, but you can
13 answer the yes-or-no question.
14 Q. Did you collect documents as a result of this document request?
15 A. No.
16 Q. Do you understand that you're obligated to collect documents as a result of this document
17 request?
18 A. No.
19 Q. Do you understand that you're obligated to collect documents that respond to these categories
20 of documents listed in this request?
21 A. I understand it now.
22 (Id., Ex. I at 25-26.)
23       In regard to defendant Bailey's second set of interrogatories propounded to
24 plaintiff TJ Enterprise, which were handed to Mrs. Jackson at this deposition, the testimony was
25 as follows.
26 Q. Let me restate my question. Are you aware that you have not yet responded to that set of

1 interrogatories?

2 A. And how is that?

3 Mr. Robinson: We haven't filed a response yet.  Are you aware of that?

4 A. Okay, yes.

5 Q. Are you aware that your response is late?

6 Mr. Robinson: Nine days late.

7 A. Okay.

8 Q. Are you aware that as a result of your late response you've waived all of your objections to the

9 questions?

10 Mr. Robinson. You are now, right?

11 A. Okay.

12 (Id. at 143-44.)

13      These responses indicating that the clients were not aware of the discovery prior

14 to the depositions are surprising given that these depositions occurred on January 24 and 25,

15 2013, and the discovery had been served on October 2, 2012 and December 17, 2012.  The

16 clients' lack of knowledge indicates that their attorney did not communicate the need to respond

17 to them.

18      The above cited testimony, coupled with Mr. Robinson's communications with

19 opposing counsel, indicate that the problem responding to discovery rested with him rather than

20 his clients.  Ms. Scott's declaration outlines her numerous attempts to communicate with

21 plaintiffs' counsel, to no avail.  When counsel did bother to respond, his communications were

22 disingenuous (i.e. that he was working on inserts "right now," and that responses would be

23 "served later this week" or that he would be personally serving responses).  All this evidence

24 demonstrates that counsel rather than his clients was at fault, and that he should be personally

25 sanctioned because he was not substantially justified in his actions.

26 \\\\\

Defendants seek a total of $4,575.20 for both motions which includes a total of fourteen hours of work in drafting correspondence to Mr. Robinson, drafting both motions to compel, reviewing plaintiffs' opposition and preparing replies, conferring and drafting the joint statement, and traveling to, preparing for, and attending the hearing. Sanctions will not be imposed for reviewing an opposition and preparing a reply so two hours will be deducted. Two more hours will be deducted for correspondence drafted and sent to Mr. Robinson in attempts to avoid having to bring motions, because Rule 37(a)(5)(A) provides for "reasonable expenses incurred in making the motion," and for purposes of the instant motion, defendants' attempts to correspond with Mr. Robinson prior to bringing the motion will not be interpreted as expenses in making the motions. Therefore, sanctions in the amount of $3,268.00 will be imposed on Mr. Robinson for ten hours of work expended by defense counsel.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel discovery responses and for sanctions, filed February 5, 2013, (dkt. no. 55), is granted. Plaintiffs shall produce responses to all discovery requested by this motion on or before April 1, 2013. Any objections are deemed waived.

2. Defendants' motion to compel discovery responses and for sanctions, filed February 15, 2013, (dkt. no. 60), is granted. Plaintiffs shall produce responses to all discovery requested by this motion on or before April 1, 2013. Any objections are deemed waived.

3. Defendants' request for sanctions is granted. Plaintiffs' counsel, Mr. Robinson, shall personally pay the sum of $3,268.00 to defendants' counsel, within fourteen days of this order.

Dated: March 25, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Jackson1020.dsy.wpd